**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | **Civil Action No. EA-24-3564** |
| INDUSTRIAL PAINTING AND RIGGING, INC.,| * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

On December 10, 2024, Plaintiffs International Painters and Allied Trades Industry Pension Fund (Pension Fund); International Painters and Allied Trades Annuity Plan (Annuity Plan); Daniel R. Williams, in his official capacity as fiduciary of the Pension Fund and Annuity Plan; the Finishing Trades Institute; and Painting Industry Funds, Inc. (Painting Industry Funds) initiated the above-captioned action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 20 U.S.C. § 1001 *et seq.*, alleging that Defendant Industrial Painting and Rigging, Inc. (Industrial Painting) failed to pay required contributions. ECF No. 1. With the parties' consent, this case was referred to the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF Nos. 13, 15–17.

Pending before the Court are two unopposed motions for entry of default judgment, one filed by the Pension Fund, Mr. Williams, and the Finishing Trades Institute (collectively, the IUPAT Plaintiffs) (ECF No. 46) and another filed by Painting Industry Funds (ECF No. 47). No hearing is necessary. Local Rule 105.6. For the reasons set forth below, the motions are granted in part and reserved in part.

## I.    BACKGROUND

### A.    Factual Background[1]

The Pension Fund and the Annuity Plan are multiemployer benefit funds and employee benefit plans as defined by ERISA.  ECF No. 22 ¶ 1; *see also* 29 U.S.C. § 1002(1), (3), (37).  The Finishing Trades Institute is an employee benefit plan as defined by ERISA.  ECF No. 22 ¶ 2; *see also* 29 U.S.C. § 1002(1), (3), (37).  Mr. Williams is a fiduciary of the Pension Fund and Annuity Plan with respect to the collection of contributions and other amounts due.  ECF No. 22 ¶¶ 3, 6; *see also* 29 U.S.C. § 1002(21).  The Pension Fund and Mr. Williams are authorized to file suit on behalf of ERISA and bargaining entities the Amended Complaint refers to as "International Funds."  ECF No. 22 ¶ 6.  Painting Industry Funds is an Ohio non-profit corporation that is a collection fiduciary authorized to file suit on behalf of a group of entities the Amended Complaint refers to as the "Local Funds."  ECF No. 22 ¶¶ 7–9; *see also* 29 U.S.C. §§ 1002(21), 1132.

Industrial Painting is an Ohio corporation and an employer as defined by ERISA and the National Labor Relations Act of 1935.[2]  ECF No. 22 ¶ 11; *see also* 29 U.S.C. §§ 152(2), 1002(5).  At all times relevant to this action, Industrial Painting was a party to, or agreed to abide by, the conditions of a bargaining agreement with the International Union of Painters and Allied Trades

---

[1]  The factual background is drawn from the well-pleaded allegations of the Amended Complaint, which are deemed to be admitted upon entry of a default judgment against Industrial Painting.  ECF No. 22; *Mey* v. *Phillips*, 71 F.4th 203, 223 (4th Cir. 2023).

[2]  The Political Action Together Fund is an unincorporated association or fund that the International Union of Painters and Allied Trades established pursuant to the Federal Election Campaign Act of 1971 "for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office."  ECF No. 22 ¶ 4; *see also* 52 U.S.C. § 30101 *et seq*.  The Labor Management Cooperation Initiative is an unincorporated organization established for one or more of the purposes set forth in Section 5(b) of the Labor Management Cooperation Act of 1978.  ECF No. 22 ¶ 5; *see also* 29 U.S.C. § 186(c)(9).

and/or related entities.  ECF No. 22 ¶ 17.  Under the terms of the bargaining agreement and governing documents, Industrial Painting is required to regularly report and pay contributions to Plaintiffs.  *Id.* at ¶ 18.  These contributions are determined by the hours worked by Industrial Painting's employees.  *Id.*  If these payments are not made on a timely basis, the contributions are considered delinquent, in which case Industrial Painting is required to pay liquidated damages and interest for each delinquency.  *Id.* at ¶¶ 19–20; *see also* 29 U.S.C. § 1145.  The bargaining agreement also requires Industrial Painting to maintain time records or timecards and to submit all relevant records to Plaintiffs for review to determine if full and prompt payments were made.  ECF No. 22 ¶ 21.  The bargaining agreement provides that if an audit of Industrial Painting's records reveals that it failed to provide full and prompt payment, Industrial Painting must reimburse Plaintiffs for amounts due, including audit and attorney's fees.  *Id.*  At the time Plaintiffs filed their Amended Complaint, an audit of Industrial Painting's records for the period of January 1, 2019, through December 31, 2022, established that it had failed to report and pay the International Funds $101,307.35 in contributions, plus interest, liquidated damages, attorney's fees, and costs.  *Id.* at ¶¶ 24–27.  An audit revealed that Industrial Painting also failed to pay the Local Funds $144,692.45 in contributions and liquidated damages, plus interest.  *Id.* at ¶¶ 31–32.

### B.    Procedural Background

On December 10, 2024, Plaintiffs initiated this action against Industrial Painting.  ECF No. 1.  In their Amended Complaint, filed on March 27, 2025, Plaintiffs advance claims for unpaid contributions and associated interest, liquidated damages, attorney's fees, and costs.  ECF No. 22 ¶¶ 34–53; *see also* 29 U.S.C. §§ 1132, 1145.  Industrial Painting filed an Answer to both the Complaint and Amended Complaint.  ECF Nos. 9, 25.

On June 6, 2025, the Court approved counsel for Industrial Painting's motion to withdraw as counsel of record.  ECF Nos. 28–29.  This Court's Local Rules provide that "[a]ll parties other than individuals must be represented by counsel."  Local Rule 101.1.a.  In support of his motion to withdraw, counsel for Industrial Painting certified that he had advised Industrial Painting by a letter delivered on two separate occasions via both email and UPS that Industrial Painting "must have new counsel enter an appearance on its behalf or be subject to a default judgment."  ECF No. 28-1 ¶¶ 2–3.  On June 5, 2025, the Clerk of Court advised Industrial Painting that, pursuant to Local Rule 101.2, if new counsel did not enter an appearance within 30 days, "the Court may take such action . . . that it deems appropriate, including . . . directing the party to show cause why a default should not be entered on claims asserted against it."  ECF. Nos. 30 at 2.[3]  To date, new counsel has not entered an appearance on behalf of Industrial Painting.  On July 21, 2025, Plaintiffs moved for the Clerk's entry of default against Industrial Painting.  ECF No. 33.  The Clerk of the Court granted the motion on August 4, 2025, and advised Industrial Painting that it had 30 days to file a motion to vacate the order of default, and that failure to take action "may result in a monetary judgment against" it.  ECF Nos. 34–35.  On September 18, 2025, the undersigned directed Plaintiffs to move for default judgment or explain why such a motion would be inappropriate.  ECF No. 36.  On October 1, 2026, the Plaintiffs indicated that they had been attempting to contact Industrial Painting's principal to resolve the case without the need for further litigation.  ECF No. 37 ¶ 6.  On December 1, 2025, and January 30, 2026, Plaintiffs informed the Court that their efforts had been unsuccessful and that they were preparing to move for a default judgment.  ECF Nos. 39 ¶¶ 9–11; 41 ¶¶ 8–11.  On April 7, 2026, Plaintiffs filed the instant motions for default judgment.  ECF Nos. 46–47.

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the IUPAT Plaintiffs and Painting Industry Funds seek entry of default judgment against Industrial Painting.  ECF Nos. 46-2 at 2; 47-2 at 1–2.  The applicable standard of review, issues of liability, and available relief are addressed in turn below.

### A.    Standard of Review

Federal Rule of Civil Procedure 55 governs entries of default and default judgments. "Although the United States Court of Appeals for the Fourth Circuit has a strong policy that cases be decided on the merits, default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Entrepreneur Media, Inc.* v. *JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (internal quotation marks and citations omitted).  Accordingly, Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  When the party's claim is not for "a sum certain" or "a sum that can be made certain by computation," the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).

With respect to liability, the Court must consider whether the well-pleaded allegations state a plausible claim.  *Frozen Wheels, LLC* v. *Potomac Valley Home Med., Inc.*, Civil Action No. CCB-20-2479, 2024 WL 1132092, at *3 (D. Md. Mar. 15, 2024) (Coulson, J.) (noting that "the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law"); *Select Specialty Hosp. - Quad Cities, Inc.* v. *WH Adm'rs, Inc.*, Civil Action No. PX-18-03586, 2020 WL 4569521, at *3 (D. Md. Aug. 7, 2020) (observing that "the pleading standards announced in *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007), [apply] in the context

of default judgments"). Therefore, a court reviewing a motion for default judgement under Rule 55(b) accepts the well-pleaded allegations as true and then determines whether the allegations support the relief sought. *Securities & Exch. Comm'n* v. *Moody*, No. 3:18-CV-442 (JAG), 2019 WL 2494421, at *1 (E.D. Va. June 13, 2019).

While "the well-pled allegations in a complaint as to liability are taken as true . . . the allegations as to damages are not." *Securities & Exch. Comm'n* v. *Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Thus, if the Court determines that the well-pleaded allegations are sufficient to establish liability, it must then determine the appropriate amount of damages or other relief. *Frozen Wheels, LLC*, 2024 WL 1132092, at *3; *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593. This requires the Court to make an independent determination that is "supported by evidence introduced either at a hearing or by affidavit or other records." *Select Specialty Hosp. - Quad Cities, Inc., 2020 WL 4569521, at *3*; *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593; *see also Frozen Wheels, LLC*, 2024 WL 1132092, at *3 ("A plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence."). When evaluating damages, the Court may "conduct hearings or make referrals," Fed. R. Civ. P. 55(b)(2), although an evidentiary hearing is not required in every circumstance. *Monge* v. *Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

Entry of default judgment is "clearly appropriate" where a defendant "has had ample notice of impending judgment by default, but has taken no action whatsoever." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Home Port Rentals, Inc.* v. *Ruben*, 957 F.2d 126, 133 (4th Cir.1992) (finding default under Rule 55(a) was appropriate where a party had filed an answer but subsequently failed to defend the action). "A corporation, as an artificial entity, cannot appear in Court other than by an attorney." *Upper Hudson National Ins. Co.* v. *Miller*, Civil Action No.

MJG-08-440, 2009 WL 10727183, at *1 (D. Md. Aug. 10, 2009). Accordingly, if new counsel has not entered an appearance withing 30 days of the filing of a motion to withdraw, "the Court may . . . direct[ ] the party to show cause why a default should not be entered on claims asserted against it." Local Rule 101.2(b). Consistent with this rule, this Court has ruled that a corporation's failure to enter new counsel within 30 days of its counsel's withdrawal of appearance is grounds for default. *E.g.*, *Trustees of Heating, Piping & Refrigeration Pension Fund* v. *Clean Air Mech., Inc.*, Civil Action No. JKB-17-3690, 2018 WL 6305779, at *4 (D. Md. Dec. 3, 2018); *Symeonidis* v. *Paxton Capital Grp., Inc.*, 220 F. Supp. 2d 478, 486 (D. Md. 2002).

Here, following the withdrawal of counsel more than a year ago, Industrial Painting has been unresponsive. As set forth previously, *see* I.B., *supra*, Industrial Painting has been warned multiple times by its former counsel and the Court that failure to obtain new counsel could result in default. ECF Nos. 28-1 ¶¶ 2–3; 30 at 2; 31; 35. Additionally, Plaintiffs made multiple efforts to contact Industrial Painting's principal to resolve the case, to no avail. ECF Nos. 37 ¶ 6; 39 ¶¶ 9–11; 41 ¶¶ 8–11. Industrial Painting has not responded to the Clerk's entry of default, the undersigned's Order regarding the Plaintiffs' filing of a motion for default judgment, Plaintiffs' status updates regarding a motion for default judgment, or the two pending motions for default judgment. ECF Nos. 33, 35–37, 39, 41. Given the duration of Industrial Painting's failure to defend and the number of times notice was provided that a default judgment could be entered against it, default judgment here is "clearly appropriate." *Lawbaugh*, 359 F. Supp. 2d at 422. Nevertheless, "[a] defendant's default [does] not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Securities & Exch. Comm'n* v. *North Star Fin., LLC*, Civil Action No. GJH-15-1339, 2017 WL 5197402, at *2 (D. Md. Nov. 9, 2017) (internal citation omitted). The undersigned therefore turns to the question of liability.

7

**B.    Liability**

Plaintiffs advance their two causes of action under 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement." *See also* 29 U.S.C. § 1132(g)(2) (authorizing civil enforcement of, among other things, Section 1145). To establish liability, Plaintiffs must show that Industrial Painting was "obligated to make contributions . . . under the terms of a collective bargaining agreement and that [it] failed to make such contributions." *Trustees of Nat'l Automatic Sprinkler Indus. Welfare Fund* v. *Ornell Fire Sprinkler, Inc.*, Civil Action No. AAQ-23-2080, 2024 WL 640030, *3 (D. Md. Feb. 15, 2024); *accord Trustees of Nat'l Elec. Benefit Fund* v. *Northgate Equities, Inc.*, Civil Action No. TDC-24-217, 2024 WL 3690801, at *3 (D. Md. Aug. 7, 2024) (Quereshi, J.), *report and recommendation adopted*, 2024 WL 4648112 (D. Md. Aug. 27, 2024); *Trustees of Nat'l Elec. Benefit Fund* v. *LTP Contracting Grp., LLC*, Civil Action No. TDC-23-456, 2023 WL 6140227, at *4 (D. Md. Sept. 19, 2023) (Quereshi, J.), *report and recommendation adopted*, 2023 WL 8679030 (D. Md. Oct. 11, 2023).

Plaintiffs have satisfied each required element to establish liability. First, Plaintiffs have alleged, and Industrial Painting has admitted, the various entity-related ERISA requirements. *See*, I.A., *supra*; ECF No. 22; *Mey* v. *Phillips*, 71 F.4th 203, 223 (4th Cir. 2023); 29 U.S.C. §§ 1002, 1132, 1145. Second, Plaintiffs' filings in support of the instant motions demonstrate that, under the bargaining agreement, Industrial Painting agreed to make full and timely contributions to Plaintiffs. Plaintiffs have tendered the bargaining agreements (ECF Nos. 46-4 at 1–22; 47-4 at 1–22), the fund agreements (ECF Nos. 46-4 at 23–29; 47-4 at 23–25), and the audit records (ECF Nos. 46-4 at 30–41; 47-4 at 26–30). These documents are supported by the sworn

declaration of the IUPAT Plaintiffs' Audit and Collections Director and Painting Industry Funds' Administrator, each of whom attested that Industrial Painting is a signatory to the relevant agreements. ECF Nos. 46-3 ¶¶ 1, 3–5; 47-3 ¶¶ 1, 3–5. The IUPAT's Audit and Collections Director further attested that, pursuant to the relevant agreements, Industrial Painting was obligated to report and pay contributions to the International Funds. ECF No. 46-3 ¶ 3. The Administrator of Painting Industry Funds attested to the same. ECF No. 47-3 ¶ 3. Both of these individuals attested that, pursuant to the termination clauses, the bargaining agreements at issue continue from year to year after their expiration dates absent written notice of termination; Industrial Painting did not serve any termination notice; and Industrial Painting therefore remains bound by the terms of successive agreements. ECF Nos. 46-3 ¶ 6; 47-3 ¶ 6. As noted, *see* I.A., *supra*, if contributions are not timely made, they are considered delinquent, which triggers an award of interest and liquidated damages. ECF No. 22 ¶¶ 19–20; *see also* 29 U.S.C. §§ 1132(g)(2), 1145. Finally, audits of contributions Industrial Painting made from January 1, 2019, to December 31, 2022, revealed that Industrial Painting violated the bargaining agreements by failing to timely make all required contributions, which the IUPAT Plaintiffs and Painting Industry Funds assert entitles them to damages. ECF Nos. 46-3 ¶¶ 8–9; 46-4 at 30–41; 47-3 ¶¶ 8–9; 47-4 at 26–30.

###     C.    Relief

Having found Industrial Painting liable, the remaining issue is the scope of available relief. The pertinent civil enforcement section of ERISA provides, in relevant part, that "[in] any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan" unpaid contributions, interest on the unpaid contributions, the greater of interest on the unpaid contributions or liquidated damages, reasonable attorney's fees and costs, and any other legal or equitable relief

the Court deems appropriate.  29 U.S.C. § 1132(g)(2); *see also International Painters & Allied Trades Indus. Pension Fund* v. *Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685-686 (D. Md. 2013) (applying Section 1132(g)(2) in an action to enforce Section 1145 against an employer that is delinquent on monthly contributions to an ERISA pension plan).

Here, Plaintiffs seek multiple categories of relief.  The IUPAT Plaintiffs assert that Industrial Painting is liable for $2,471,498.08, which they calculate as including: (1) contribution underpayments, administrative dues, liquidated damages, interest, and audit costs totaling $108,534.20; (2) liquidated damages and interest on late-paid contributions totaling $3,166.38; (3) estimated contributions, liquidated damages, and interest totaling $2,342,689.10; and (4) attorney's fees and costs totaling $17,108.40.  ECF No. 46-2 at 8–9.  Painting Industry Funds asserts that Industrial Painting is liable for $306,713.44, which it calculates as including: (1) contribution underpayments, working dues, liquidated damages, and interest totaling $187,682.70; (2) unpaid contributions, liquidated damages, and interest totaling $111,103.09, and (3) attorney's fees totaling $7,927.65.  ECF No. 47-2 at 8.  The IUPAT Plaintiffs and Painting Industry Funds further contend that interest continues to accrue on all unpaid contributions through the date paid.  ECF Nos. 46-2 at 9; 47-2 at 8.

The existing record provides an inadequate basis upon which to evaluate the availability of several categories of the requested relief.  For example, the IUPAT Plaintiffs offer no explanation as to how the claimed $796.20 in administrative dues were calculated.  ECF Nos. 46-2 at 9; 46-3.  Painting Industry Funds offers no explanation as to how the $12,414.77 in working dues or the $83,851.39 in claimed unpaid contributions were calculated.  ECF Nos. 47-2; 47-3 ¶¶ 9–11.  Also unclear is the manner in which Plaintiffs calculate interest.  In their memoranda of law and supporting declarations, Plaintiffs cite the applicable interest rates and tender sums without offering actual calculations.  ECF Nos. 46-2 at 9, 16; 46-3 ¶¶ 9, 12, 14, 17, 21; 47-2 at 8,

10

15; 47-3 ¶¶ 9, 11, 13–14.  Even when specific calculations are offered, the underlying factual premise remains unclear.  ECF No. 46-3 ¶ 9 & n.2 (specifying the mathematical calculation without identifying the factual basis for the calculation, *i.e.*, why interest should be calculated for the stated timeframe).  With respect to interest calculations, the declaration of the IUPAT Plaintiff's Audit and Collections Director is supported only by spreadsheets that total sums without any underlying documentation or explanation of the formula utilized to calculate the claimed amounts.  ECF Nos. 46-3; 46-4 at 39–41.  Painting Industry Funds did not tender any documentation in support of its interest calculations.  ECF No. 47-4.

The IUPAT Plaintiffs also seek more than $2.3 million in damages based on estimated contributions.  ECF Nos. 46-2 at 9, 16; 46-3 ¶¶ 17, 21.  At present, there is an inadequate factual basis upon which to award such an amount.  The IUPAT Plaintiffs identify, at a high level, the methodology for their estimate of unreported and unpaid contributions, which involves calculating an average of the last three months of reported contributions.  ECF No. 46-3 ¶ 16.  The IUPAT Plaintiffs tender a sworn declaration that outlines the calculation of this average for various district councils, but they do not provide a declaration or any documentation supporting those calculations or substantiating the unreported and unpaid payments that constitute the multiplier.  ECF Nos. 46-3; 46-4.

Finally, Plaintiffs' request for attorney's fees is deficient in several respects.  Plaintiffs do not address the factors set forth in *Barber* v. *Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), a deficiency that this Court has noted previously.  *E.g.*, *International Painters & Allied Trades Indus. Pension Fund* v. *Lettermen Signage, Inc.*, Civil Action No. JKB-23-1059, 2025 WL 2661668, at *6 (D. Md. Sept. 17, 2025).  Further, review of the supporting documentation reveals that the IUPAT Plaintiffs request an award of attorney's fees for work that predates federal litigation, something this Court has previously disallowed.  *E.g.*, *International Painters &*

11

*Allied Trades Indus. Pension Fund* v. *Lettermen Signage, Inc.*, Civil Action No. JKB-23-1059, 2025 WL 2418915, at *5 (D. Md. Aug. 21, 2025); *International Painters & Allied Trades Indus. Pension Fund* v. *Temp-Tech Indus., Inc.*, Civil Action No. JKB-25-56, 2025 WL 1383193, at *4 (D. Md. May 13, 2025); *International Painters & Allied Trades Indus. Fund* v. *Interiors by Steve, Inc.*, Civil Action No. JRR-21-229, 2023 WL 4446572, at *9 (D. Md. July 11, 2023) (Maddox, J.), *report and recommendation adopted sub nom.*, 2023 WL 6973583 (D. Md. Aug. 17, 2023). The tendered billing records also reflect instances of double-billing, such as multiple individuals billing for participation in the same meeting, a practice this Court has also disallowed. *E.g.*, *International Painters & Allied Trades Indus. Pension Fund* v. *Shoemaker LLC*, Civil Action No. ELH-24-3575, 2026 WL 1238546, at *15 (D. Md. May 6, 2026). Finally, the number of hours expended on prosecution of this action and the corresponding requested fee award departs from the norm in similar cases in this District. *E.g.*, *International Painters & Allied Trades Indus. Pension Fund* v. *Contract Wallcovering Inc.*, Civil Action No. BAH-23-1160, 2025 WL 2581879, at *11 (D. Md. Sept. 5, 2025).

## III.    CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motions for default judgment in part and reserves decision in part.

A separate Order follows.


Date:  July 9, 2026                                    /s/
                                                Erin Aslan
                                                United States Magistrate Judge


12